# J. J. JACOBS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1905.*

1. CRIMINAL LAW—*court may try offense punishable by a fine without formal written waiver of jury.* Formal written waiver of trial by jury is not essential to the jurisdiction of the court to try one accused of a misdemeanor punishable by fine only, where the accused and the prosecutor orally agree to waive a jury trial; but under the act of 1893 (Laws of 1893, p. 96,) the accused cannot be imprisoned for non-payment of the fine unless he was convicted by a jury, or formally waived, in writing, his right to a jury trial.

2. SAME—*propositions of law not proper in criminal case.* Section 42 of the Practice act, concerning propositions of law, does not apply to a criminal case tried by the court without a jury by agreement of the parties.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

J. J. Jacobs, the plaintiff in error, was found guilty by the criminal court of Cook county of the crime of unlawfully setting up and promoting a lottery for money, and was sentenced to pay a fine of $1475. The indictment upon which he was tried consisted of eight counts, the first of which charged him with unlawfully setting up a lottery, called the Montana Mining, Loan and Investment Company, for money. The fourth count is substantially the same as the first. The second, third and eighth counts charge the defendant with selling lottery tickets, and the fifth and sixth counts charge him with having lottery tickets in his possession with intent to sell the same. A *nolle prosequi* was entered in the criminal court to the seventh count. The case was tried without a jury, in accordance with an oral agreement of the parties made in open court.

The court having found the defendant guilty of setting up a lottery, a motion for a new trial and a motion in arrest of judgment were respectively made and overruled and judgment was pronounced upon the finding. The case was taken to the Appellate Court for the First District, where the judgment of the criminal court was affirmed, and the record was brought to this court by writ of error.

E. H. MORRIS, for plaintiff in error.

WILLIAM H. STEAD, Attorney General, JOHN J. HEALY, State's Attorney, and F. L. BARNETT, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is first urged that the court was without jurisdiction to try this cause without a jury, for the reason that there was no waiver, in writing, of a jury trial.

Upon a conviction under the indictment in this case the plaintiff in error could be punished only by a fine. Where tried for a misdemeanor punishable only in that way, the accused has the right, the prosecutor agreeing, to submit his cause to trial without the intervention of a jury, irrespective of the statute which provides for a formal waiver in writing of a jury trial. *Paulsen* v. *People,* 195 Ill. 507.

The statute to which we have just referred is section 102 of chapter 110 of Hurd's Revision of 1903, and reads as follows:

"*Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That no person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, *quasi* criminal, or *qui tam* action, except upon conviction by jury: *Provided,* that the defendant or defendants, in any such action may waive a jury trial by executing a formal waiver in writing: *And provided further,* that this provision shall not be construed to apply to fines inflicted for contempt of court: *And provided further,* that when

such waiver of jury is made, imprisonment may follow judgment of the court without conviction by a jury."

The only effect of that statute in cases of this character is to prohibit the imprisonment of the defendant, upon conviction, for non-payment of a fine, unless he has been found guilty by a jury or has executed a formal waiver, in writing, of a trial by jury and has been found guilty by the court. That statute did not take away from a person charged with the commission of a misdemeanor, punishable by fine only, the right to submit his cause to the court without the intervention of a jury and without any written waiver of a jury trial where the defendant and the prosecutor orally agreed to dispense with the jury. That right exists since the passage of the statute precisely as it did before, and the court in such a case, without the intervention of a jury, has jurisdiction to try the defendant and render judgment, upon such an oral agreement being entered into by the parties.

Plaintiff in error submitted certain propositions of law. The abstract recites that the court "rejected said propositions of law and refused to hold said propositions as the law of the case." This was not error, as we have heretofore held that section 42 of the Practice act, which provides for the submission of propositions of law to the court where the case is tried without a jury, does not apply to the trial of a criminal case. *Chicago, Wilmington and Vermilion Coal Co.* v. *People,* 214 Ill. 421.

The third and last point made by plaintiff in error is thus stated in his brief: "The name of the game being alleged, the proof must correspond." No variance between the indictment and the proof is pointed out, and we therefore dismiss this contention without discussion.

The judgment of the criminal court of Cook county will be affirmed.          *Judgment affirmed.*