## The People of the State of Illinois, Defendant in Error, v. Anna Bultz, Plaintiff in Error.

JURY, § 26*—*when judgment upon oral waiver of trial by jury and plea of guilty is erroneous.* Judgment in a criminal case, where the defendant waived a trial by jury orally and entered a plea of guilty, that the defendant pay a certain fine and stand committed until same and costs are· paid, *held* erroneous in ordering such commitment upon a waiver of trial by jury not in writing, and in violation of Hurd's Rev. St. 1903, ch. 110, sec. 102 (J. & A. ¶ 4145), providing that no person shall be imprisoned for nonpayment of a fine except upon conviction by a jury or a waiver of a jury trial in writing.

Error to the County Court of Saline county; the Hon. CHARLES D. STILWELL, Judge, presiding. Heard in this court at the October term, 1916. Modified and remanded. Opinion filed April 13, 1917.

A. C. LEWIS and CAPEL & MEYER, for plaintiff in error.

SAM THOMPSON, for defendant in error.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

It appears from the record in this case that the plaintiff in error was arrested and tried in the County Court of Saline county, Illinois, upon an information for selling liquor in anti-saloon territory, and the record recites as follows: ''And now on this day, the 13th day of March A. D. 1916, comes the People of the State of Illinois, by the State's Attorney, and as well also comes Anna Bultz, the defendant, in her own proper person, attended by her counsel, and the said defendant having been furnished with a list of the witnesses for the prosecution, and also a list of jurors for this term of court, waives a trial by jury orally, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

enters her plea of guilty as charged in the first, second and third counts of the information, and after being admonished by the court of the consequences of such plea she still persists therein. Whereupon it is ordered by the court that said Anna Bultz, defendant, be fined in the sum of three hundred dollars and be confined in the county jail for a period of ninety days, and that she pay the costs of prosecution and that she stand committed to the common jail of this county until the above fine and costs is paid or replevied." It is urged by counsel for plaintiff in error that the court erred in entering as part of the judgment against the defendant that she be committed to the common jail of Saline county until the fine and all costs are paid or replevied. In the argument of counsel for plaintiff in error, and also for defendant in error, it is conceded that the plaintiff in error has served her time of imprisonment of ninety days imposed by the sentence, but it is insisted by counsel for plaintiff in error that she is exempt from imprisonment for the payment of the fine because she did not waive a jury trial by executing a formal waiver in writing, and this is the sole question to be determined upon this hearing. The statute provides that: "No person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, *quasi*-criminal or *qui tam* action, except upon conviction by jury; *Provided,* that the defendant or defendants in any such action may waive a jury trial by executing a formal waiver in writing; *Provided, further,* that this provision shall not be construed to apply to fines inflicted for contempt of court; *And, provided further,* that when such waiver of jury is made, imprisonment may follow judgment of the court without conviction by a jury." Section 102, ch. 110, Hurd's Rev. St. 1903 (J. & A. ¶ 4145).

It is apparent from the reading of this record that the plaintiff in error was committed to imprisonment

for the nonpayment of a fine, and we think this is in direct violation of the statute above. quoted. The Supreme Court, in commenting upon this statute, says: "The only effect of that statute in cases of this character is to prohibit the imprisonment of the defendant, upon conviction, for nonpayment of a fine, unless he has been found guilty by a jury or has executed a formal waiver, in writing, of a trial by jury and has been found guilty by the court." *Jacobs v. People,* 218 Ill. 500. The law before the enactment of this statute was that both parties might waive a jury in such cases, but the Legislature by this statute said that it should no longer be so, unless the defendant executed a formal waiver in writing. A mischief existed that needed to be remedied and the new legislation in such behalf was directed at the mischief and intended to remedy it. *Swan v. Mulherin,* 67 Ill. App. 77.

The court had the right to impose a sentence of imprisonment for a violation of this law, and it also had the right to impose a fine for its violation, but the court had no right to require the plaintiff in error to be committed until the fine and costs were paid unless such plaintiff had executed a formal waiver of jury in writing.

We are of the opinion that the court erred in committing the plaintiff in error to imprisonment until such fine and costs were paid, and inasmuch as it is conceded that the term of imprisonment imposed by the judgment has been served, it is the order of the court that the judgment so rendered be modified by striking out that part of the sentence providing that she stand committed to the common jail until the fine and costs were paid.

*Judgment modified and remanded.*