(No. 14259.—Reversed and remanded.)
THE STURGES & BURN MANUFACTURING COMPANY, Appellant, *vs.* NATHAN R. PASTEL, Appellee.

*Opinion filed December 22, 1921—Rehearing denied Feb. 10, 1922.*

1. CONSTITUTIONAL LAW—*meaning of constitutional provision for equal protection of the laws.* The constitutional provision for equal protection of the laws means that the rights of every person must stand or fall by the same rule of law that governs every other person under similar circumstances and that every citizen has an equal right with every other to resort to the courts of justice to settle and enforce his rights, and a mere arbitrary discrimination between different classes of litigants is a denial of that right and of the equal protection of the law.

2. SAME—*act of 1893 allowing imprisonment of defendant after a jury trial is unconstitutional.* The act of 1893, (Laws of 1893, p. 96,) "to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment," violates the constitutional provisions in regard to due process of law and equal protection of the laws, because it in effect provides that a defendant cannot be imprisoned for the payment of a fine or judgment if he suffers default, pleads guilty or confesses judgment, but if he insists in having a jury and fails in his defense he may be imprisoned for the fine or judgment.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERIC R. DEYOUNG, Judge, presiding.

BULKLEY, MORE & TALLMADGE, for appellant.

MILTON HART, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Sturges & Burn Manufacturing Company began a suit in assumpsit on November 1, 1917, against Nathan R. Pastel by filing an affidavit for a writ of *capias ad respondendum,* together with an order of a judge of the circuit court for such writ. The writ was executed by the arrest of the defendant, who gave bail, and the bond was returned with the writ. The declaration in assumpsit was

filed and the defendant filed a plea of the general issue. On the trial the jury, under the direction of the court, returned a verdict in favor of the plaintiff for $2612.67, upon which judgment was rendered against the defendant. A writ of *fieri facias* and an alias writ were issued and returned no part satisfied. On November 29, 1920, a writ of *capias ad satisfaciendum* was issued, which was quashed by the court. The plaintiff moved the court to vacate the order quashing the writ and grant leave to sue out an alias writ of *capias ad satisfaciendum*, but the court overruled that motion. The plaintiff appealed to this court on the ground that the constitutionality of a statute was involved.

The action of the court in quashing the writ was based on the act of June 17, 1893, "to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment," which enacted that "no person shall be imprisoned for non-payment of a fine or judgment in any civil, criminal, quasi criminal or *qui tam* action, except upon conviction by jury: *Provided,* that the defendant or defendants in any such action may waive a jury trial by executing a formal waiver in writing: *And, provided, further,* that this provision shall not be construed to apply to fines inflicted for contempt of court: *And, provided further,* that when such waiver of jury is made, imprisonment may follow judgment of the court without conviction by a jury." (Laws of 1893, p. 96.) Aside from this act the proceedings were in conformity with the law which authorizes the issue of an execution against the body of the defendant where he shall have been admitted to bail upon a writ of *capias ad respondendum,* (Rev. Stat. chap. 77, sec. 5,) in which case the writ issues as a matter of course. (*Field & Co.* v. *Freed,* 269 Ill. 558; *People* v. *Walker,* 286 id. 541.) In *Jacobs* v. *People,* 218 Ill. 500, the plaintiff in error was indicted for a misdemeanor punishable by a fine, only, and it was held that he had the right, the prosecutor agreeing, to submit the cause for trial without the intervention of a

jury and without a waiver in writing of a jury trial, but that without such waiver in writing he could not, upon conviction, be imprisoned for non-payment of the fine. In *Manaster* v. *Kioebge,* 257 Ill. 431, the act was again considered, and it was held that the act did not violate section 13 of article 4 of the constitution by embracing a subject not expressed in the title.

In this case the plaintiff contends that the act of 1893 violates section 1 of the fourteenth amendment to the constitution of the United States as well as the State constitution, in that it denies the equal protection of the laws and grants immunity from imprisonment for non-payment of fines and judgments to certain classes while imposing imprisonment for such non-payment of fines and judgments on others. This contention must be sustained. It has been held in many cases that the rights of every individual must stand or fall by the same rule of law that governs every other member of the body politic or land under similar circumstances; that every citizen has an equal right with every other to resort to the courts of justice for the settlement and enforcement of his rights, and that a discrimination between different classes of litigants which is merely arbitrary in its nature is a denial of that right and of the equal protection of the law. (*Millett* v. *People,* 117 Ill. 294; *Sanitary District* v. *Bernstein,* 175 id. 215.) In *Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 Ill. 302, the proviso to section 120 of the Practice act of 1907, which attempted to empower the Supreme Court to review the facts where the Appellate Court reversed the judgment without awarding a new trial, finding the facts against the appellee, was held to confer a special privilege upon the appellee not permitted to the appellant, and that the discrimination which the law attempted to make between the parties was purely arbitrary and in violation of the constitution. *Hecker* v. *Illinois Central Railroad Co.* 231 Ill. 574, is to the same effect, holding that if an appeal to the Su-

preme Court in which a review of the facts may be had is granted to one party and denied to the other, then every person does not have that certain remedy in the laws guaranteed by section 19 of article 2 of the constitution.

In the case of the statute now under consideration defendants are divided into two classes. Defendants who default, plead guilty or confess judgment cannot be imprisoned for non-payment of the judgment which may be rendered against them, while those who insist upon a jury trial or who are tried by the court after a written waiver of a jury trial are subject to imprisonment for the payment of the judgment which may be rendered. There is no reasonable basis for such discrimination. There is no reason why a defendant who has had a jury trial and been unsuccessful in his defense should be subject to imprisonment for the payment of the judgment, and another defendant in exactly similar circumstances who has defaulted or confessed judgment for an exactly similar liability should be relieved from the imprisonment. The act may provide a jury trial, as stated in the title, but it is at the price of liability to imprisonment for an unsuccessful defense. Its effect is that a defendant cannot be imprisoned for the payment of a fine or judgment if he suffers default, pleads guilty or confesses judgment; that he is entitled to a trial by jury, but that if he insists upon having one and fails in his defense he may be imprisoned for the fine or judgment in the case. The distinction is arbitrary and without reason. A defendant who demands a jury trial ought not to enjoy such right under penalty of imprisonment if he fails to make good his defense. The statute violates the constitutional provisions in regard to due process and equal protection of the laws.

The court erred in entering the order to quash the *capias,* in denying the motion to vacate that order and in refusing to allow the plaintiff to sue out another *capias.* These orders will be reversed and the cause will be remanded.

*Reversed and remanded.*