(No. 14449.—Writ awarded.)

THE PEOPLE *ex rel.* Robert E. Crowe, State's Attorney, Petitioner, *vs.* HARRY M. FISHER, Judge, Respondent.

*Opinion filed June 21, 1922.*

1. CRIMINAL LAW—*habeas corpus is not proper remedy to correct errors in criminal case.* The writ of *habeas corpus* is not a substitute for a writ of error and cannot be used to correct errors in an information or irregularity in the proceedings in a criminal case, and where the municipal court has jurisdiction of the subject matter and of the person of a defendant who is charged with a misdemeanor, the circuit court cannot entertain a writ of *habeas corpus* to review the judgment of the municipal court sentencing the defendant to the house of correction.

2. SAME—*jury may be waived by defendant charged with misdemeanor.* A jury may be waived in a case involving a misdemeanor, and such waiver may be oral or in writing and no particular form is necessary.

3. SAME—*an infant above the age of ten years defends as an adult.* The Criminal Code has fixed at ten years the age below which there is a want of criminal capacity, and when an infant above this age stands charged with a crime he appears and defends in person or by attorney, the same as an adult, and if charged with a misdemeanor he may waive a jury.

4. SAME—*circuit judge has no authority to parole a prisoner by habeas corpus—mandamus.* The authority to pardon or parole a prisoner cannot be exercised by a judge of the circuit court on a writ of *habeas corpus,* and where such an order for the release of a prisoner is entered, the Supreme Court has original jurisdiction, on a petition for *mandamus,* to order the circuit judge to expunge the void order from the records.

ORIGINAL petition for *mandamus.*

EDWARD J. BRUNDAGE, Attorney General, and ROBERT
E. CROWE, State's Attorney, (EDWARD E. WILSON, HENRY
T. CHACE, JR., CLYDE C. FISHER, JAMES A. SCOTT, CHARLES
C. ROE, and ALVA L. BATES, of counsel,) for petitioner.

HENRY A. BERGER, for respondent.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of
the court:

An original petition was filed in this court in the name
of the People, on the relation of the State's attorney of
Cook county, praying for the issuance of a writ of *man-
damus* to compel Harry M. Fisher, one of the judges of
the circuit court of Cook county, to expunge from the
records of said court an order releasing and discharging
Hyman DeVorken from the house of correction of the
city of Chicago. The respondent demurred to the petition.
DeVorken was granted leave to intervene and filed his an-
swer to the petition, and the petitioner demurred to this
answer. The cause has been argued and submitted for de-
cision on the issue of law raised by these demurrers.

The following facts are related in the petition: April
22, 1921, the case of the People against Hyman DeVorken
came on for hearing before Charles F. McKinley, one of
the judges of the municipal court of Chicago, on an in-
formation charging that DeVorken "on the 19th day of
April, A. D. 1921, at the city of Chicago, aforesaid, did
then and there carry upon his person and concealed upon
his person a deadly weapon, to-wit, a loaded revolver, with-
out a written license therefor, in violation of section 4 of
the Sadler law, in force and effect July 1, 1919, contrary
to the form of the statute in such case made and provided
and against the peace and dignity of the People of the State
of Illinois;" that DeVorken, having been duly advised by

the court as to his right to a trial by jury, waived in writing a trial by jury; that he was duly arraigned and pleaded not guilty; that a trial was had by the court without a jury and DeVorken was found guilty of the offense charged in the information; that he was thereupon sentenced to confinement at labor in the house of correction of the city of Chicago for the term of one year; that December 13, 1921, a petition for a writ of *habeas corpus* was presented to Harry M. Fisher, one of the judges of the circuit court of Cook county; that the petition was thereafter amended; that the amended petition alleged that DeVorken was detained and imprisoned in the house of correction unjustly and contrary to law; that the jury waiver which was signed by him, and upon which the court assumed to acquire jurisdiction of him, set out that it was a jury waiver in a case in which DeVorken was charged with a violation of section 4 of the Sadler law; that there is no law known as the Sadler law, and that therefore DeVorken did not waive a jury in a case wherein he was charged with a violation of any section of the Criminal Code; that DeVorken was under the age of twenty-one years and of the age of seventeen years at the time of the trial of said cause and could not legally sign a jury waiver; that the court had no authority to try the cause without the assistance of a jury where no legal and binding jury waiver had been filed, and that the court was without jurisdiction to enter the judgment finding DeVorken guilty; that on the same day DeVorken was charged by information with having in his possession a burglar's jimmy, a pick-lock and several skeleton keys, in violation of the ordinances of the city of Chicago; that he was likewise tried by the court without a jury for this offense; that he was found guilty and sentenced to pay a fine of $200 and costs, and was committed to the house of correction until the fine and costs were paid or worked out at the rate of fifty cents a day, provided the imprisonment should not exceed six months, and that he had been

confined in the house of correction for seven and a half months. The petition concluded with the usual prayer for release from unlawful detention and imprisonment. In his return to the writ of *habeas corpus* Joseph Siman, superintendent of the house of correction, stated that he was holding DeVorken by virtue of a warrant of commitment from the municipal court and attached a copy of such warrant to his return. A colloquy between court and counsel covering fourteen printed pages is set out in the petition, and at the conclusion of this recital appears the court's order, which reads: "When they take a boy seventeen years old and send him to the house of correction for a year I am going to discharge him. (Addressing the defendant) : I am going to give you a chance, but you will have to behave yourself. The relator is discharged." These facts are admitted by the demurrer of respondent and the answer of DeVorken.

It is contended by respondent (1) that this court has no jurisdiction to entertain this original petition for a writ of *mandamus;* and (2) that the circuit court had jurisdiction of the subject matter and DeVorken in the *habeas·corpus* proceeding, and that this court has no jurisdiction to order the circuit court to expunge its order from the records. Every question presented in this case has been repeatedly decided by this court contrary to the contentions of respondent. Granting that the original information on which De-Vorken was prosecuted was defective and that there was some irregularity in the proceedings, *habeas corpus* is not the proper remedy to correct these errors. It is not a substitute for a writ of error and cannot be made to perform its functions. (*People* v. *Zimmer*, 252 Ill. 9; *People* v. *Foster*, 104 id. 156.) The offense with which DeVorken was charged was a misdemeanor punishable by a fine or imprisonment in the county jail, or both. The municipal court clearly had jurisdiction of the subject matter and of defendant, and when this appeared the circuit court should have refused to entertain the petition for a writ of *habeas corpus*.

303–28

That a jury may be waived in cases involving misdemeanors is established by repeated decisions of this court, (*Zarresseller* v. *People,* 17 Ill. 101; *Brewster* v. *People,* 183 id. 143; *Paulsen* v. *People,* 195 id. 507;) where the authorities have been reviewed and the questions involved fully discussed. The act of June 17, 1893, requiring that the waiver of a jury trial must be in writing being unconstitutional, (*Sturges & Burn Manf. Co.* v. *Pastel,* 301 Ill. 253,) the waiver may be oral or in writing, and no particular form is necessary. The Criminal Code fixes the age below which there is a want of criminal capacity at ten years, and when an infant above this age stands charged with a crime he appears and defends in person or by attorney, the same as an adult. (*Bartley* v. *People,* 156 Ill. 234; *Cutter* v. *People,* 184 id. 395; 1 Wharton on Crim. Law,— 11th ed.—123; 2 Bishop's New Crim. Proc.—2d ed.— 772; 22 Cyc. 626.) From the order that was entered in the *habeas corpus* proceeding it appears that the judge used the writ to release the prisoner on parole. The law of this State vests the authority to pardon or parole in another department of the government and the judiciary have no right to usurp this power. The order of Judge Fisher being absolutely void, this court has the clear right, and it is its duty, to order him to expunge the void order from the records. *People* v. *Zimmer, supra; People* v. *Green,* 281 Ill. 52; *People* v. *Windes,* 283 id. 251.

The order discharging DeVorken was made without jurisdiction, and a writ of *mandamus* is awarded commanding the circuit court of Cook county to expunge the void order from the records of that court in accordance with the prayer of the petition.　　　　*Writ awarded.*