## The People of the State of Illinois, Defendant in Error, v. Charlie Birger, Plaintiff in Error.

1. INTOXICATING LIQUORS—*sufficiency of information for violation of Prohibition Act.* Under section 39 of the Prohibition Act, Cahill's Ill. St. ch. 43, ¶ 40, providing that in any information or indictment for violation of the act it shall not be necessary to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, an information, each count of which alleged that the liquor was possessed in violation of the act or for some purpose expressly prohibited by the act, was sufficient.

2. CRIMINAL PROCEDURE—*validity of oral jury waiver in prosecution under Prohibition Act.* In a prosecution for violation of the Prohibition Act, Cahill's Ill. St. ch. 43, where the record shows that defendant was present in court in person and by his attorney and that after a motion to quash the information was overruled and defendant was furnished with a copy of the information, list of jurors and witnesses, he entered a plea of guilty, and no objection or exception is found in the record as to the action of the trial court in entering judgment without a written jury waiver, there is nothing that would authorize a reversal.

3. CRIMINAL PROCEDURE—*conclusiveness on appeal of record of trial proceedings in prosecution under Prohibition Act.* The record

imports absolute verity and cannot be contradicted or amended except by other matter of record by or under the authority of the court and is the sole, conclusive and unimpeachable evidence of the proceedings in the lower court.

4. CRIMINAL PROCEDURE—*when performance of court's duty to admonish defendant on plea of guilty shown by record.* Where the record in a criminal case, after showing a plea of guilty states "plea of guilty explained to defendant, also the consequences of entering such plea and the Court admonished the defendant fully as to the consequences of a plea of guilty," it must be assumed on appeal that defendant was fully admonished as to the consequences of his plea.

5. CRIMINAL PROCEDURE—*waiver of right to have witnesses examined in mitigation of punishment.* While the provision of section 4, division 13 of the Criminal Code, Cahill's Ill. St. ch. 38, ¶ 756, that when the court possesses any discretion as to the extent of punishment it shall be its duty to examine witnesses as to aggravation and mitigation of the offense is mandatory, when examination is requested or desired, it may be waived, and when no objection or exception is found in the record as to the failure of the court to hold such examination, there is no reversible error.

Error by defendant to the County Court of Saline county; the Hon. A. G. ABNEY, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

FOWLER & RUMSEY, for plaintiff in error.

CHARLES H. THOMPSON, State's Attorney, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error at the November Term, 1923, of the County Court of Saline county, entered a plea of guilty to an information charging him with violating the Illinois Prohibition Act [Cahill's Ill. St. ch. 43]. The court assessed a fine against him in the sum of one thousand dollars, and ordered that he be confined in the county jail for a term of six months. The information contained eight counts. The first count charged that plaintiff in error on the 14th day of June, 1923, ''unlawfully did then and there pos-

sess intoxicating liquor in violation of the Illinois Prohibition Act contrary to the Statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois.'' The second count charged that he then and there possessed intoxicating liquor ''for the purpose of sale or barter contrary to the Statute.'' The third count charged that he then and there possessed intoxicating liquor ''intended for use in violating the Illinois Prohibition Act contrary to the Statute,'' etc. The fourth count charged that he possessed intoxicating liquor ''intended for use in selling or bartering in violation of the Illinois Prohibition Act contrary to the Statute,'' etc. Each of the first four counts was duplicated by one of the last four with the exception of the date upon which it was alleged the offense was committed.

Before entering a plea of guilty plaintiff in error entered a motion to quash the information and each count thereof, which was overruled.

It is contended by plaintiff in error that the information is insufficient, and it was error for the trial court to overrule the motion to quash same. Plaintiff in error's contention in this behalf is based upon the case of *People v. Peiscz*, 226 Ill. App. 363. In our opinion the information in this case does not come within the doctrine laid down in the *Peiscz* case. In that case the allegation of the information simply alleged that the defendant unlawfully possessed intoxicating liquor within prohibition territory without in any way alleging that it was intended for use in violating the Prohibition Act, or that it was held in violation of some express provision of that Act, but here each count alleged either that he possessed the liquor in violation of the Illinois Prohibition Act or that he possessed it for the purpose of sale or barter or that he was in possession of intoxicating liquor intended for use in violation of the Illinois Prohibition Act or intended for sale and barter in violation of that Act. Section 39 of that Act [Cahill's Ill. St. ch. 43,

¶ 40] provides that in any information or indictment for the violation thereof it shall not be necessary "to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful." Under that section of the Statute since each count of this information expressly alleged that the liquor was possessed in violation of the Illinois Prohibition Act, or for some purpose expressly prohibited by that Act, it certainly falls within the holding of the *Peiscz* case that the information "must allege that the possession of the liquor was intended for use in violating the Prohibition Act, or was unlawfully acquired by the accused, or was held in violation of some express provision of said Act." That case further holds that "it is sufficient to merely charge that the accused did unlawfully commit some act expressly prohibited by the Statute." Therefore even under the doctrine laid down in the *Peiscz* case this information was sufficient. Moreover it clearly comes within the doctrine laid down by this court in the cases of *People v. Mosley,* and *People v. Smith,* decided at the October Term, 1923.

The record does not expressly show that plaintiff in error signed a written waiver of his right to trial by jury before entering his plea. It is contended that it was error for the trial court to accept the plea and enter judgment without this written jury waiver. This contention appears to be based on the Act of June 17, 1893, which provided that "no person shall be imprisoned for nonpayment of a fine or judgment in any civil, criminal, quasicriminal or qui tam action, except upon conviction by jury; Provided, that the defendant or defendants, in any such action may waive a jury trial by executing a formal waiver in writing."

It might be sufficient to say that this Act has been held unconstitutional by our Supreme Court. *Sturges & Burn Mfg. Co. v. Pastel,* 301 Ill. 253; *People v. Fisher,* 303 Ill. 430. But in any event the contention

is not tenable. The record shows that plaintiff in error was present in court in person and by his attorney, and that after the motion to quash the information was overruled and plaintiff in error was furnished with a copy of the information, list of jurors and witnesses, he entered his plea of guilty. A jury may be waived in cases involving misdemeanors, and such waiver may be oral or in writing and no particular form is necessary. *People v. Fisher, supra.* All of the cases cited by plaintiff in error to sustain his position in this respect were cases where the defendant was actually tried by the court upon a plea of not guilty. In this case it was a plea of guilty. No objection or exception is found in the record as to the action of the trial court in entering judgment without a written jury waiver. As was said by the Supreme Court in *People v. Ellsworth,* 261 Ill. 275, ''The burden is on the plaintiff in error to show that the proceedings of the trial court were illegal. Those proceedings will be presumed to be regular and free from error until error is shown by the record. Every reasonable intendment not negatived by the record will be indulged in support of judgment below. (*Bonardo v. People,* 182 Ill. 411, and cases cited.) No objection or exception is found in the record as to any action of the trial court of which complaint is here made. There is nothing before us that would authorize a reversal of this case.'' The question before the Supreme Court in that case was whether the court erred in entering a judgment upon a plea of guilty without hearing evidence in mitigation or aggravation of the offense charged and the record was silent upon that question. In our opinion the doctrine laid down by the Supreme Court upon that question applies with equal force to the complaint here made, that there was no written jury waiver.

It is also claimed by plaintiff in error that the plea of guilty was received and judgment entered in this case without the court explaining to him the conse-

quences of entering such plea. The record after showing a plea of guilty states "plea of guilty explained to the defendant, also the consequences of entering such a plea, and the Court admonished the defendant fully as to the consequences of a plea of guilty." This record shows that the Statute was accurately and fully complied with. The record imports absolute verity, and cannot be contradicted or amended except by other matter of record by or under the authority of the court. (*People v. Fulimon,* 308 Ill. 235; *People v. Kuhn,* 291 Ill. 154.) Under these authorities the record is the sole, conclusive and unimpeachable evidence of the proceedings in the lower court, and it must be assumed here that the plaintiff in error was fully admonished as to the consequences of his plea. Section 4, Division 13 of the Criminal Code [Cahill's Ill. St. ch. 38, ¶ 756] also provides that, "In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." It is insisted that there was no compliance upon the part of the court with this Statute, and that it was error to enter judgment upon a plea of guilty in this case where the punishment ranged from a fine of $100.00 to $1,000.00 and confinement to six months in jail, without hearing evidence in aggravation or mitigation of the offense charged. The record is silent as to whether witnesses were examined by the court. The Supreme Court however, has held that while this Statute is mandatory and that it is necessary for the court to make such examination when requested or desired, either on the part of the People or the defendant, yet it may be waived by the parties and some other method of supplying the court with the necessary information be substituted in its stead. (*People v. Pennington,* 267 Ill. 45.) In *People v. Ellsworth, supra,* where this same question was raised it was held by the Supreme Court that should the court fail to perform its duty in

this regard or should it be claimed the punishment was more severe than the circumstances shown would warrant, such matters must be presented for review by a bill of exceptions; that where no objection or exception was found in the record as to the action of the trial court, there was no reversible error.

The information was sufficient, and as no reversible error appears upon the record, the judgment is affirmed.

*Affirmed.*