(No. 30100.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAM THOMPSON, Plaintiff in Error.

*Opinion filed September 18, 1947—Rehearing denied Nov. 17, 1947.*

SAM THOMPSON, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (LOUIS P. ZERWECK, State's Attorney, of Belleville, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error, Samuel Thompson, appearing *pro se,* presents the common-law record and seeks to review a judgment of the city court of East St. Louis finding him guilty of the crime of murder and sentencing him to the penitentiary for life. The indictment against plaintiff in error was returned on November 30, 1936. Judgment against him was entered on February 24, 1937.

In the record filed by plaintiff in error, the clerk of the court certified a copy of the order convening the city court and the grand jury on February 8, 1937, while an amended record filed by counsel for the People shows the correct and pertinent order to have been entered on September 28, 1936. Four of the fourteen errors assigned here by plaintiff in error are predicated on the erroneous record certified to by the clerk. While it is regrettable that such errors occur, the additional record filed by the People indicates that the errors based on the order convening the grand jury are without merit.

Plaintiff in error contends that the indictment is faulty because it was returned to a city court and not a circuit court. This argument is based on the fact that a sample indictment contained in the statute recites that it be returned to a circuit court. It is sufficient to point out that city courts are given concurrent, general jurisdiction with circuit courts over criminal cases arising in the city. (Ill. Rev. Stat. 1945, chap. 37, par. 333.) There is no merit to this contention.

It is next contended that the trial court was in error in not requiring the jury waiver to be in writing. The laws of this State do not require a jury waiver to be in writing. *People* v. *Berkowski,* 385 Ill. 392.

The record shows that plaintiff in error pleaded not guilty and informed the court he would employ his own counsel. Later, counsel was appointed by the court to defend him when he pleaded that he was without means. His

trial was commenced before Judge Ralph Cook of the city court of East St. Louis but, before completion of the jury, a mistrial was declared because of the illness of the presiding judge. On the same day, plaintiff in error appeared before a duly qualified judge from the city court of Granite City, sitting at the request of Judge Cook, withdrew his plea of not guilty and entered a plea of guilty. He now contends that the interchange of judges was not valid, and relying on the terms of section 6a of the City Court Act, (Ill. Rev. Stat. 1945, chap. 37, par. 338a,) insists that the clerk of the court, alone, is qualified to designate or call another judge in case of death or disability. This argument overlooks the provisions of section 6 of the City Court Act, (Ill. Rev. Stat. 1945, chap. 37, par. 338,) which authorizes judges of city courts to interchange with each other "when they find it necessary or convenient."

Plaintiff in error next complains that although the court appointed counsel, the latter was incompetent in that he did not defend plaintiff in error's constitutional rights. There is nothing in the record to support this contention, and in the absence of a bill of exceptions showing wherein counsel was incompetent, this contention must be held to be without merit.

It is next insisted that the court did not admonish the plaintiff in error as to the consequences of his plea of guilty. An examination of the record discloses that the court fully advised the plaintiff in error as to the consequences of his plea and, notwithstanding, he persisted therein. In the absence of any showing to the contrary we have held this recital in the record to be sufficient compliance with the appropriate statute. *People* v. *Conn,* 391 Ill. 190; *People* v. *Stack,* 391 Ill. 15; *People* v. *DeRosa,* 362 Ill. 161.

Although the record does not show that a request was made, plaintiff in error urges that the court erred in not hearing evidence in aggravation or mitigation of the offense.

We have repeatedly held that, in the absence of a request, such hearing will be deemed to have been waived. *People* v. *Bernovich*, 391 Ill. 141; *People* v. *Conn*, 391 Ill. 190; *People* v. *Throop*, 359 Ill. 354.

The last assignments of error are general arguments that plaintiff in error has been denied due process of law. We have gone beyond the errors assigned and have examined the record before us, and from it we conclude that, so far as the common-law record indicates, plaintiff in error was accorded a fair and impartial trial as is contemplated by law and consonant with his plea of guilty. The judgment of the city court of East St. Louis is affirmed.

*Judgment affirmed.*