(No. 30651.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM DEESE, Plaintiff in Error.

*Opinion filed January 19, 1949.*

WILLIAM DEESE, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, ARTHUR F. MANNING, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, William Deese, was charged with the crime of grand larceny by an indictment filed in the criminal court of Cook County on August 14, 1933. On August 16, 1933, the public defender was appointed as his counsel, and the cause continued to August 22, 1933, from which time it was held on the trial call until August 25, 1933. On the latter date plaintiff in error appeared with his counsel, was arraigned, pleaded not guilty, and after being instructed

as to his rights waived a trial by jury. He was on the same date tried by the court, convicted, and sentenced to the penitentiary for a term of not less than one year nor more than ten years. On motion of his counsel the court granted sixty days in which to file and prepare a bill of exceptions. None was filed, however. Appearing *pro se,* he prosecutes this writ of error to review his judgment of conviction. No bill of exceptions has been filed, thus the assignments of error must be considered solely upon the common-law record.

Charging a violation of his constitutional right to due process of law, plaintiff in error contends: (1) that it was error for the trial court to permit him to waive trial by jury without having executed a formal waiver in writing as required by the act of June 17, 1893, (Ill. Rev. Stat. 1933, chap. 38, par. 763;) and (2) that the action of the trial court in allowing him to be arraigned, accepting his plea, and in trying and convicting him all in the same day, deprived him of a reasonable time to prepare a proper defense, thereby depriving him of his liberty without due process of law.

Both errors assigned by plaintiff in error have been raised frequently in this court in recent years. The act of 1893 relating to written jury waiver, upon which plaintiff in error relies, was held to be unconstitutional in *Sturges & Burn Manf. Co.* v. *Pastel,* 301 Ill. 253, which finding was reiterated in *People ex rel. Crowe,* v. *Fisher,* 303 Ill. 430. Since that time we have consistently held that the laws of this State do not require a jury waiver to be in writing, that it may be oral or in writing, and no particular form is necessary. (*People ex rel. Swanson* v. *Fisher,* 340 Ill. 250; *People* v. *Berkowski,* 385 Ill. 392; *People* v. *Thompson,* 398 Ill. 114.) In the light of these holdings there is no merit to this contention of plaintiff in error. The fact that the legislature failed to repeal the act until 1939, some seventeen years after it was held to be invalid, could not,

as plaintiff in error contends, have made the act valid as to him when he was tried in 1933. Its invalidity as determined by this court continued through the years and the failure of the legislature to repeal, amend or modify could not alter the fact.

As to the second contention, that he was rushed to trial in such a manner as to deny him due process, we see nothing in the record which indicates that plaintiff in error was rushed or forced into trial against his wishes. The record does not show, nor is it now contended, that plaintiff in error or his counsel either requested or were refused additional time in which to prepare a defense. It is shown that following his arraignment and plea of not guilty the plaintiff in error waived a jury trial after due explanation by the court, and then proceeded to trial. It is only where the record shows that the trial court has abused its discretion in denying reasonable time for the preparation of a defense that a reviewing court will interfere. (*People* v. *Street,* 353 Ill. 60; *People* v. *Staryak,* 396 Ill. 573; *People* v. *Ross,* 400 Ill. 237.) Here eleven days intervened between plaintiff in error's indictment and his trial; nine days between the appointment of counsel and the trial. In the absence of any motion or request for additional time in which to prepare a defense, and refusal of such a motion, or of a showing that nine days was not adequate time for counsel to prepare the defense, there is nothing upon which we may base a conclusion that the trial court abused its discretion in this respect. This contention is also without merit.

It should be noted that plaintiff in error was sentenced to a term of from one to ten years on August 25, 1933, which judgment, in the absence of any other showing made to this court, must now have been satisfied and the errors complained of considered moot. *People* v. *Davis, post,* p. 229.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*