(No. 30668.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TONY D'ANGUSTINO, Plaintiff in Error.

*Opinion filed January 19, 1949.*

TONY D'ANGUSTINO, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, ARTHUR F. MANNING, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

October 22, 1934, the defendant, Tony D'Angustino, was indicted in the criminal court of Cook County for the crime of armed robbery. After pleading not guilty, he and his counsel proposed to waive the intervention of a jury and submit the cause to the court for trial. The court advised defendant of his right to a trial by jury but he still adhered to his desire to waive the right and, on November 28, 1934, by agreement between the State's Attorney and defendant and his attorney, the cause was submitted to the court for trial without a jury. Evidence was heard, and the trial judge found defendant guilty of robbery with a gun. Judgment was entered on the finding and defendant sentenced to imprisonment for an indeterminate term of from one year to life. Appearing *pro se,* D'Angustino prosecutes this writ of error. No bill of exceptions has been filed.

Defendant makes the single contention that the court erred in permitting him to waive a trial by jury without

first requiring him to execute a formal waiver in writing, thereby denying to him the equal protection of the laws guaranteed by the fourteenth amendment to the Federal constitution. A formal waiver of a trial by jury in writing is unnecessary. (*People* v. *Thompson*, 398 Ill. 114; *People* v. *Berkowski*, 385 Ill. 392.) As observed in *People ex rel. Crowe* v. *Fisher*, 303 Ill. 430, "The act of June 17, 1893, requiring that the waiver of a jury trial must be in writing being unconstitutional, (*Sturgis & Burn Manf. Co.* v. *Pastel*, 301 Ill. 253,) the waiver may be oral or in writing, and no particular form is necessary." Moreover, the additional record filed by the People discloses that, on November 28, 1934, defendant executed a formal written waiver of trial by jury reading, "I, the undersigned, do hereby waive jury trial and submit the above entitled cause to the Court for hearing."

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*