## People of the State of Illinois, Plaintiff-Appellee, v. Dennis Rambo, Defendant-Appellant.

### Gen. No. 53,712.

First District, Third Division.

April 16, 1970.

George J. Cotsirilos and S. Jack Micheletto, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and John McClory, Special Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, Dennis Rambo, after a trial without a jury was found guilty of murder and sentenced to the Illinois Youth Commission for a term of fourteen years to fourteen years and a day. One of his contentions on appeal is that he did not expressly and understandingly waive his constitutional right to be tried by a jury. Because of our decision on this point, the facts surrounding the homicide become immaterial and the other errors advanced as reason for reversal need not be considered.

Preliminary to the trial, the following took place:

> The Clerk: "People of the State of Illinois versus Dennis Rambo, Indictment 67–3087."
>
> The Court: "Is that a jury trial?"
>
> Assistant State's Attorney: "No, it is a bench trial, your Honor."
>
> The Court: "Mr. Rambo, you are entitled to have your case tried by a jury. You understand that?"
>
> The Defendant: "Yes Sir."
>
> The Court: "Twelve citizens over there. Now I guess your lawyer has explained it to you: You have a right to trial. If you want to waive the jury the Court will hand to your counsel a jury waiver at this time and ask for your signature at the appropriate place, if that is what you want."

■ ■ The statute implementing the constitutional right to a jury trial provides that every person accused of a criminal offense shall have the right to such a trial unless understandingly waived by him in open court. Ill Rev Stats 1967, c 38, par 103–6. It is the responsibility of the trial court to see that a defendant's election to waive a jury trial is not only understandingly

but expressly made. People v. Clark, 30 Ill2d 216, 195 NE2d 631 (1964); People ex rel. Swanson v. Fisher, 340 Ill 250, 172 NE 722 (1930). Whether such a waiver has been understandingly made depends upon the facts and circumstances of each case. People v. Wesley, 30 Ill2d 131, 195 NE2d 708 (1964); People v. Spencer, 115 Ill App2d 398, 253 NE2d 672 (1969).

█ The court adequately informed the defendant of his right to a jury trial, but did not ask him if he wished to waive that right. Neither the defendant nor his counsel said that a jury trial was to be waived. The absence of an inquiry by the court and a response by the defendant or his counsel leaves the record barren of an express oral waiver.

█ The defendant did sign the printed jury waiver, but the mere signing of this form does not fulfill the requirement of the statute. The record does not show that the defendant did anything more than sign the form in the appropriate place as requested by the court. The waiver was not read to him, there is no indication that he read it himself, and it was accepted without ascertaining whether he understood what he had signed.

█ There is no statutory provision in our State for a written jury waiver. In 1893 a statute was enacted which required the waiver of a jury trial to be "a formal waiver in writing." Laws of 1893, page 96. This applied to misdemeanor cases only, for it was then the law of Illinois that a jury could not be waived in felony cases. The statute was construed as applying only to those misdemeanors punishable by imprisonment (Jacobs v. The People, 218 Ill 500, 75 NE 1034 (1905)) and in 1922 the statute was declared unconstitutional. Sturgis v. Burn Mfg. Co. v. Pastel, 301 Ill 253, 133 NE 762 (1921). Although the statute was held to be unconstitutional in 1922, it was not repealed by the legislature until 1939. Defendants who orally waived jury trials be-

tween 1922 and 1939 frequently contended that error was committed by the failure of the trial court to require formal written waivers. E. g., People v. Berkowski, 385 Ill 392, 52 NE2d 710 (1944); People v. Thompson, 398 Ill 114, 75 NE2d 345 (1947). The courts, however, held from 1922 on that jury waivers could be oral or written and that no particular form was necessary. The People ex rel. Crowe v. Fisher, 303 Ill 430, 135 NE 751 (1922); People v. Deese, 402 Ill 200, 83 NE2d 707 (1949).

■ A written waiver, as well as an oral waiver, may be an express waiver if it is properly and knowingly made; but signing a printed form has become such a routine formality that a perfunctory signing—without proof that the form was read by the defendant and understood by him—cannot be accepted as a substitute for an express waiver, understandingly made after careful interrogation by the court.

■ The defendant was sixteen years old. He was charged with murder. His youth and the gravity of the offense called for extra care in discharging the duty imposed on the court to be certain that the defendant's waiver of a jury trial was made understandingly. In Patton v. United States, 281 US 276 (1930), the court said:

> "Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective . . . [the court must have] . . . the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye

to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity."

A forceful argument can be made in the instant case that a jury trial was understandingly waived: The defendant understood his right to a jury trial; he was told to sign the waiver if he wanted to waive the jury; he was represented by counsel; he signed the waiver; in light of the court's explanation and the presence of his counsel it could be inferred that he knew what he was doing when he signed the waiver. It also could be inferred that the right to a jury trial was explained to him by his counsel. This inference is bolstered by the court's remark the day of the trial, "I guess your lawyer has explained it to you," and by a colloquy between the court and counsel the day before the trial:

> The Court: "Hold it on the call for a bench trial tomorrow."
> Assistant State's Attorney: "Just for the record since we do have a minor defendant. I am sure you discussed this with him, the decision concerning a bench trial or jury trial; I would assume you also discussed this with the defendant's parents."
> Defense Counsel: "We have."
> The Court: "Very well. Hold it for tomorrow."

■ ■ Although the inferences which can be drawn from the quoted record may explain why the defendant was not asked in open court whether he wished to waive a jury and why he was not asked whether he had read and understood the signed waiver, they cannot take the place of these inquiries. And any inference that he

might have knowingly waived his right to a jury trial cannot prevail in face of the record which shows no overt expression on the day of the trial by him or his counsel that the right was waived. Doubt about the waiver of a constitutional right must be resolved in favor of the accused. It has been held that the record must affirmatively show that a waiver of a constitutional right has been voluntarily and understandingly made (Boykin v. Alabama, 395 US 238 (1969)), that courts must indulge every reasonable presumption against the waiver of fundamental constitutional rights (Johnson v. Zerbst, 304 US 458 (1938)) and that presuming waiver from a silent record is impermissible. Miranda v. Arizona, 384 US 436 (1966).

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

SCHWARTZ and McNAMARA, JJ., concur.