(No. 13655.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALFRED ARCHAMBAULT, Plaintiff in Error.

*Opinion filed December 21, 1920.*

1. CRIMINAL LAW—*when motion to withdraw plea of guilty is properly denied.* A motion to withdraw a plea of guilty and vacate the sentence is properly denied where the record shows that the defendant entered such plea, and that he was fully advised by the court of its consequences and still persisted therein.

2. SAME—*record must prevail over affidavits.* The record imports verity and must prevail over affidavits in contradiction of it.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HARRY A. LEWIS, Judge, presiding.

JORDAN, McCARTHY & SULLIVAN, (ELMER M. LEESMAN, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, Archambault, together with Joseph Burns and Earl Ennis, was indicted in the criminal court of Cook county in 1919 for the larceny of one tire of the value of $45, the property of A. B. Mortimer. The record shows that on the 15th day of June, 1920, plaintiff in error was furnished with a copy of the indictment and lists of witnesses and jurors, and on being arraigned entered his plea of "guilty in manner and form as charged therein, and he being fully advised by the court of the effects in rendering said plea, he still persisting therein, the court orders said plea to be accepted and entered of record against the said defendant." The court heard evidence and found the value of the property to be $60 and the age of defendant twenty-four years. Defendant was sentenced to the

Illinois State reformatory at Pontiac for a term not exceeding the maximum fixed by statute, and the sheriff was ordered to deliver the defendant to the custody of the superintendent of the reformatory. On June 18 a motion was made by defendant to vacate the judgment and sentence. That motion was continued to July 8 and the *mittimus* ordered stayed till July 9. July 12 counsel for the defendant moved the court to recall the *mittimus*. That motion was denied and the motion to vacate the sentence was continued to July 13. On that day other attorneys than those who had previously represented defendant made a motion for additional time in which to present affidavits in support of the motion to vacate the sentence. The court refused to continue the motion to vacate and overruled the same and gave the defendant ninety days to prepare a bill of exceptions. July 15 counsel for defendant made a motion to vacate the order of July 13, also a motion to recall the *mittimus* and a motion for leave to withdraw the plea of guilty and enter a plea of not guilty. All these motions were denied. Counsel also moved that the clerk's record be corrected, which was denied. This writ of error is sued out to review the action of the court in denying the several motions.

The reasons upon which the court was asked to vacate the sentence and permit defendant to withdraw his plea of guilty are shown in the bill of exceptions by extended colloquies between the court and counsel when the motions were made, and by affidavits offered in support of the motions, which were not permitted to be filed. From these it appears it was the claim of defendant and his counsel that he did not enter a plea of guilty himself; that it was entered by his counsel, and that he was not advised by the court of the effect and consequences of said plea. Independently of all other questions raised by counsel, we think the court correctly ruled in denying the motion to vacate the sentence on the grounds urged. The record shows de-

fendant did enter a plea of guilty, and that he was fully advised by the court of the consequences of entering such plea and still persisted therein. This was a sufficient compliance with the statute. (*Marx* v. *People,* 204 Ill. 248.) The record imports verity and must prevail over affidavits in contradiction of it. *Gillespie* v. *People,* 176 Ill. 238; *Nicholson* v. *Loeff,* 253 id. 526.

Nothing appears in support of defendant's motion to authorize or justify a disregard of the record, and the judgment is affirmed.              *Judgment affirmed.*