(No. 21362.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAX PULLIAM, Plaintiff in Error.

*Opinion filed April 22, 1933.*

O. C. Smith, for plaintiff in error.

Otto Kerner, Attorney General, C. Edgar White, State's Attorney, J. J. Neiger, and Orwin H. Pugh, for the People.

Mr. Chief Justice Heard delivered the opinion of the court:

Max Pulliam was convicted in the circuit court of Jackson county of the crime of burglary and sentenced to the penitentiary therefor. He brings the record to this court for review on writ of error.

The indictment consists of five counts, the first of which charged burglary of a dwelling house of Isaac Waggoner with intent to steal his personal property in the house. The second count charged the breaking and entry of the dwelling house of Waggoner with intent to commit robbery. The third count charged an assault upon Waggoner with a pistol with intent to rob Waggoner. The fourth count charged robbery of Waggoner, Pulliam being armed with a pistol. The fifth count charged Pulliam with an assault upon Waggoner with intent to commit robbery from his person. A motion to quash the indictment was made on the ground that its several counts attempted to charge separate and distinct offenses, and before the trial a motion

was made to require the State's attorney to elect upon which count of the indictment he would proceed. Both of these motions were overruled, and the action of the court in so doing is now assigned as error.

The rule has repeatedly been laid down in this State that if two or more offenses grow out of one transaction and are of such a nature that the defendant may be found guilty of each he may be charged with the offenses in separate counts of an indictment, and that the prosecutor will not be required to elect for which offense charged he will ask a conviction. An election will only be required where the offenses charged in the different counts are actually distinct from each other and do not arise out of the same transaction. (*People* v. *Pelinski*, 293 Ill. 382; *People* v. *Warfield*, 261 id. 293; *People* v. *Bernstein*, 250 id. 63; *People* v. *Weil*, 243 id. 208; *West* v. *People*, 137 id. 189; *Andrews* v. *People*, 117 id. 195; *Goodhue* v. *People*, 94 id. 37.) There is nothing in this record which shows that the offenses charged were not all a part of the same transaction, and, so far as the record in this case shows, it does not appear that the court erred in these rulings.

Upon a motion for a new trial Pulliam filed the affidavits of himself and several other persons to the effect that he had not been arraigned previous to the commencement of his trial, and the bill of exceptions shows some remarks of the trial judge in ruling upon a motion which would tend to show that Pulliam had not been arraigned. The affidavits were stricken from the files and a new trial refused. The action of the court in this regard is assigned as error. The additional abstract of record filed herein shows that prior to the calling of the cause for trial Pulliam was arraigned and pleaded not guilty. No motion was made in the circuit court to amend the record in this regard to make it speak the truth if it did not do so. Upon appeal to this court the transcript of the record of the trial court imports absolute verity and is the sole, conclu-

sive and unimpeachable evidence of proceedings in the lower court. (*People* v. *Bouderioyni*, 299 Ill. 96; *People* v. *Kuhn*, 291 id. 154; *Nicholson* v. *Loeff*, 253 id. 526; *Wolf* v. *Hope*, 210 id. 50; *Keller* v. *Brickey*, 63 id. 496.) Entries in the record of a criminal case which state that the defendant was formally arraigned and pleaded not guilty to the indictment must prevail over affidavits to the contrary filed in support of a motion for a new trial or in arrest of judgment. (*People* v. *Archambault*, 295 Ill. 266; *Gillespie* v. *People*, 176 id. 238.) The court did not err in striking the affidavits from the files and refusing to grant a new trial on the ground that Pulliam had not been arraigned.

Counsel for plaintiff in error claims that the judgment of conviction should be reversed on account of misconduct of the State's attorney in making improper remarks in the examination of a juror, in his opening statement and in his closing argument, in which he referred to other burglaries alleged to have been committed by Pulliam at about the same time as the one for which he was on trial. A reference by the State's attorney to the commission of a crime by a defendant other than the crime for which he is on trial is not necessarily erroneous, as under certain circumstances evidence of the commission of other crimes is not improper, and the State's attorney has a right in his argument to refer to all matters properly shown by the evidence. The general rule on the subject of the admission of evidence of other offenses is correctly stated in *People* v. *Swift*, 319 Ill. 359, where it is said: "The general rule is that evidence of a distinct and separate offense can not be admitted on the trial of one charged with crime. (*People* v. *Jennings*, 252 Ill. 534; *Addison* v. *People*, 193 id. 405; *Farris* v. *People*, 129 id. 521.) There are, however, certain well-defined exceptions to this rule. One is, where the evidence is material to prove the crime charged such evidence is not open to the objection that it discloses a distinct and separate offense on the part of the defend-

ant. (*People* v. *Hagenow,* 236 Ill. 514; *People* v. *Spaulding,* 309 id. 292.) The test of admissibility of evidence of another offense is whether it fairly tends to prove the particular offense charged in the indictment." The only place in the bill of exceptions where these remarks were mentioned is where the motion for a new trial is set out, in which is embodied the statement of certain remarks alleged to have been made by the State's attorney. Nothing occurring upon the trial of the cause purports to be shown by the abstract of the bill of exceptions. The transcript of the record in this case does not show any of the evidence heard upon the trial or the instructions given by the court to the jury, so that we have no means of knowing what the evidence was and of determining that the remarks of the State's attorney were not based upon the evidence in the case, or that evidence of other crimes, if admitted, was not material as fairly tending to prove the crime for which Pulliam was on trial. (See, also, *People* v. *Lenhardt,* 340 Ill. 538; *People* v. *Durkin,* 330 id. 394; *People* v. *Looney,* 324 id. 375.) One who seeks a reversal of a judgment of conviction has the burden of showing that the proceedings of the trial court were illegal, as every reasonable intendment not negatived by the record will be indulged in support of the judgment. (*People* v. *Gerke,* 332 Ill. 583; *People* v. *Ellsworth,* 261 id. 275; *Bonardo* v. *People,* 182 id. 411; *Fairbanks* v. *Farwell,* 141 id. 354; *Mullen* v. *People,* 138 id. 606.) The evidence heard upon the trial and the instructions given to the jury not having been preserved by bill of exceptions, in accordance with the rule laid down in the cases just above cited, we must presume, if such presumption becomes material, that there was no misconduct on the part of the State's attorney, or that if any misconduct did exist it was entirely neutralized by proper instructions given to the jury.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.
*Judgment affirmed.*