(No. 23062 ▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY DUVAL, Plaintiff in Error.

*Opinion filed October 24, 1935.*

THADDEUS C. TOUDOR, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. Justice Shaw delivered the opinion of the court:

Plaintiff in error, Stanley Duval, was indicted jointly with Stanley Gall, charged with assault with intent to rob Harry H. Mandel, who was the proprietor of a jewelry store in Chicago. A jury having found them guilty and judgment and sentence having been entered on this verdict, Duval alone, by this separate writ of error, seeks a review.

Mandel testified that on February 5, 1935, at about 11:00 o'clock A. M., he was standing by a show-case in his jewelry store in Chicago when Gall came in, put a gun to his side and said, "You know what that means, punk;" that he struggled with the hold-up man and had succeeded in pinning his arms down to his hips so that he could not use the weapon when plaintiff in error entered, pointing a revolver at him; that he continued the struggle, using the robber as a shield to prevent Duval from shooting him, until Duval succeeded in striking him across the arm with his revolver so that his hold was loosened, and both robbers ran away. The witness further testified that he ran after them as far as the alley, where he saw them jump into a car which had its engine running and by that means they escaped; that he observed the plaintiff in error, Duval, during the struggle, which he estimated to have lasted about five or six minutes. He identified both of the robbers quite definitely and positively.

It is first contended that the record fails to prove, beyond a reasonable doubt, that the acts committed were in furtherance of an actual intent to rob. The complaining witness testified that he owned and operated the jewelry store, in which he was at work repairing a clock at the time of the assault. The facts speak for themselves, and the argument advanced is not worthy of serious consideration.

The other points argued are equally frivolous. It is suggested that the witness might be mistaken in his identification, and that in view of the alibi evidence offered by

the defendant his guilt is not clearly proved, and that he should be entitled to a new trial on a theory of reasonable doubt. It is not probable that the witness Mandel would readily or soon forget his experience with these two robbers. During a hand-to-hand combat with two armed men it is entirely probable that their identities were indelibly etched upon his memory. No one but the defendant testified to his being anywhere else at the time of the crime, and the record is clearly in that class of cases within the special province of the jury. The verdict is not contrary to the weight of the evidence and it will not be disturbed by this court. *People* v. *Wynekoop,* 359 Ill. 124, and cases there cited.

The further contention of plaintiff in error that the judgment should be reversed for a failure to allege and prove that the prosecuting witness had anything of value about his person or under his control is likewise unsubstantial. The abstract shows neither any motion to quash the indictment nor any details of the motion in arrest of judgment. No question as to the sufficiency of the indictment is before us for consideration. The proof established that the prosecuting witness was the owner, proprietor and actually in possession of a jewelry store, and that he was actually in possession of and repairing a clock at the time the gun was put against him. It is thus apparent that even if the question had properly been preserved of record, the objection is not predicated upon any true conception of what the evidence shows.

There is no prejudicial error in the record before us, and the judgment of the criminal court of Cook county will be affirmed.                         *Judgment affirmed.*