(No. 26855.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY HOFFMAN, Plaintiff in Error.

*Opinion filed November 17, 1942—Rehearing denied Jan. 15, 1943.*

W. G. ANDERSON, and JAY J. MCCARTHY, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error was indicted by the grand jury of Cook county on three counts. Two of the counts charged him with the crime of burglary. By the third count he was charged with the offense of malicious mischief. He pleaded not guilty, signed a jury waiver, and the cause was tried by the court without the intervention of a jury. At the close of the proof the court found him guilty of burglary and sentenced him to the penitentiary under the Indeterminate Sentence Act. The advisory recommendation incorporated in the judgment was that the minimum term of imprisonment should be two years and the maximum term five years. He brings this record here for review on writ of error alleging the insufficiency of the finding by the trial court, certain error on the trial, and that the Parole Act as amended in 1941 is unconstitutional and void.

The language of the first two counts of the indictment charges the plaintiff in error, Stanley Hoffman, with feloniously, burglariously, willfully, maliciously, and forcibly breaking and entering a certain dwelling house with intent

the personal goods, chattels, money and property of Joseph Letang then and there being, to steal, take and carry away. The testimony shows that Joseph Letang and Marianna Letang lived in a six-room bungalow at the southwest corner of Argyle and Kostner avenues in the city of Chicago. They left their home at Kostner avenue on July 23, 1941, and went to the country for a few days. They locked up the house and when they came back on July 27, the basement door had been jimmied, both locks broken and the drawers in the bedroom had been pulled out and the contents stirred up. Nothing had been taken, however. Walter C. Anderson, a police officer, received a radiogram to go to that point on North Kostner avenue about 10:45 on July 25, 1941. With him were sergeant Bauler and two other officers. When they got to the building, Anderson saw a hole in the screen door and the door was unhooked. The basement door had been jimmied and damaged and there were marks around the lock of the door. He searched the basement from front to rear but neither saw nor heard anything. When he was coming upstairs he heard a scream in the back yard and went out and saw sergeant Bauler holding the plaintiff in error. Sergeant Bauler testified that he was in the back yard and a few moments after he got there he noticed a screen in the rear window on the south side of the house fly out into the yard, and a few second later the plaintiff in error jumped out of the window and started to run. The officer halted him and Hoffman announced "I am in trouble again." Hoffman admitted to the officers that he had jimmied the basement door and told them that he entered the dwelling in order to get money to buy a diamond ring for some girl he was going to marry. When he jumped out the back window he had a tire tool in his back pocket which he turned over to the officers, and admitted to them that he gained entrance through the back door which he had jimmied. He also told the officers that he had parked his

automobile about a block away and the officers located and secured the car.

It is first contended by the plaintiff in error that the trial court merely rendered a finding of "guilty of burglary," and that such finding is insufficient upon which to base a judgment without the words added "with intent to commit larceny." The record in the case shows that after the proofs were closed and after the arguments of counsel, the court announced "There will be a finding of guilty in this case as charged in the indictment." After motions for a new trial and arrest of judgment had been denied, the plaintiff in error made a motion for probation, and the hearing on this motion was set for a future date. Upon the hearing of the motion the court said, "I am going to find this young man guilty and sentence him under the statute one year to life." The theory of the plaintiff in error is that the indictment specifically charges the defendant with the crime of "burglary with intent to commit larceny" and that the mere finding the defendant guilty of burglary is a finding of only a part of the statutory crime, and that merely entering a house without intent to commit larceny or some other felony is not burglary. In support of this argument he cites the case of *Schwabacher* v. *People,* 165 Ill. 618. The court did state in that case that "the breaking and entering the house in the night time alone did not constitute the crime of burglary, but it was necessary to prove that the act was done with the specific intent alleged in the indictment, that is, to steal the goods and chattels therein of Mrs. Bell." The record in this case shows quite plainly that the plaintiff in error entered the Letang dwelling house with the specific intent of stealing some of the property therefrom, and the ruling of the court finding that the plaintiff in error was guilty as charged in the indictment is supported by the testimony.

It is next urged by the plaintiff in error that the *corpus delicti* cannot be proved by the confession of the defendant.

It is true that a mere uncorroborated confession is insufficient to convict, and if in this case there was nothing else proven except that the defendant entered the house and there was no attempt to commit a felony, it would not be sufficient to find the defendant guilty. However, in the case of *People* v. *Brown*, 379 Ill. 262, this court held that "the *corpus delicti* is not required to be proved beyond a reasonable doubt by evidence *aliunde* the confession or admissions of the accused. It is not essential that the *corpus delicti* shall be established by evidence other than that which tends to connect the accused with the crime. * * * The test is whether the whole evidence proves the fact a crime was committed and that the accused committed it." In the present case the confessions and admissions of the defendant were amply corroborated by other facts and circumstances in evidence. The cutting and unhooking of the screen door, the jimmying of the lock, the turning up and stirring the contents of the drawers in the bedrooms of the house, the fact that the defendant was in the house when the officers arrived, and jumped out of the window and tried to escape, are all matters which strongly corroborate the admissions and confessions. There is no doubt about the proof of the *corpus delicti* being sufficient.

The plaintiff in error further urges that the indictment is void in that there is no description therein of any particular article of personal property alleged to have been in the house at the time of the alleged burglary. Cases submitted by him are cases where larceny of certain chattels were charged in the indictment, and in such cases it is necessary to name definitely the articles stolen and that the proof should sustain the charge in the indictment. Also that affidavits for a search warrant must describe the goods to be seized with definiteness and certainty. No motion was filed to quash the indictment in this case and it did state that plaintiff in error entered the dwelling house of

the complaining witness with intent to steal the property located therein. It further charges burglary only in the first two counts with intent to steal the goods and chattels inside the dwelling house. The testimony of Marianna Letang proves conclusively that all of the furniture was located in the house, including rugs, beds, dishes and other household goods. On indictment for burglary, we think the charge was sufficiently definite and contains the usual allegations contained in an indictment for burglary alone.

It is also claimed by the defendant that the police officer who arrested him did not inform him of his constitutional rights that any statement made by him while he was under arrest might be used against him, and hence, any alleged statement made by him to the officer was illegally obtained and was not admissible in evidence. After the People had introduced the testimony of the police officers which included the conversations with plaintiff in error, the latter took the stand in his own behalf and simply testified that he was so drunk on that morning that he could not remember. No evidence of any kind was introduced by him tending to show that any threat, promise or inducement was made to him prior to making the admissions above related. The statements of the defendant, outside of the alleged intoxication, admitted in evidence, were purely voluntary admissions and confessions and procured without any threat or promises of any kind. In *People* v. *Fox,* 319 Ill. 606, this court held that confessions are competent evidence when they are voluntarily made. In that case the court said, at page 615: "Generally speaking, a confession is regarded as voluntary when it is made of the free will and accord of the accused, without fear or any threat of harm or without promise or inducement by hope of reward. It need not be spontaneous, nor is it necessary that it proceed wholly at the suggestion of the accused. It may be set in motion by external causes so long as such influences are not what the law deems improper. A confession is not ren-

dered inadmissible by the mere fact that it was elicited by questions put by police officers or others, or by the fact that an exhortation to tell the truth produced it. (*People v. Vinci,* 295 Ill. 419.) Nor does the fact that the prisoner was not warned that the confession might be used against him render it incompetent."

Complaint is made of the overruling of the motion for a new trial without giving the plaintiff in error an opportunity to file a written motion setting forth his grounds. The record shows that no request was made for filing such written motion and no objection made to the action of the court. It was held by this court in *People v. Tobin,* 369 Ill. 73, that in either civil or criminal cases tried by the court without a jury, a motion for a new trial is unnecessary to preserve for review questions of the sufficiency of the evidence. The point is without merit in this case. *People v. Krotz,* 341 Ill. 214.

In his conclusion the plaintiff in error states that the evidence showed that he was intoxicated at three o'clock in the morning preceding the commission of the offense and could not possibly form an intent to commit larceny. In addition to his own evidence he introduced the testimony of two companions to the effect that they were out until three o'clock A. M. drinking with him the night before and all became intoxicated. Police officers Anderson and Schumacher both testified that at eleven o'clock on the morning of arrest plaintiff in error was perfectly sober. The fact that he told the officers exactly where he had parked his automobile a block or two away, the fact that he carried a large jimmy bar and broke into the house, corroborate the evidence of his sobriety. This testimony proves beyond a reasonable doubt that he was sober.

We are satisfied that the defendant had a fair trial and that the evidence shows he was guilty beyond a reasonable doubt.

It is also contended by plaintiff in error that the Indeterminate Sentence Law of Illinois is unconstitutional, and therefore, the judgment rendered against the defendant predicated on said statute is void. In the case of *People v. Montana,* 380 Ill. 596, decided at the September, 1942, term, it was held that the amendments made to sections 2, 3, 7, 7a, and section 3a, added to the Parole Act in 1941, were unconstitutional and void. A full discussion of that question appears in said opinion and we adopt the views therein expressed.

As was said in that case, it follows that the Sentence and Parole Act as it existed prior to those amendments of 1941 affords the only guide to be followed in sentencing prisoners convicted of crime. Plaintiff in error having been legally convicted, the judgment will be reversed and the cause remanded to the criminal court of Cook county, with directions to enter a proper sentence.

*Reversed and remanded, with directions.*