(No. 27626.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SIGMUND BERKOWSKI, Plaintiff in Error.

*Opinion filed January 20, 1944.*

JAY J. McCARTHY, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,` for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error was indicted in Cook county for the crime of burglary. He was tried by the court without a jury, found guilty, and thereafter, on January 29, 1932, judgment and sentence were entered against him for said crime. He now, after a period of more than eleven years, brings the case here by writ of error for a review of the common-law record.

It is first argued that the record fails to affirmatively show that plaintiff in error was represented by counsel; that the language appearing in the final judgment and other orders of the court that counsel appeared for him at the trial and throughout the proceedings are mere recitals or conclusions of the clerk for which the record shows no substantial basis. The record of the court proceedings on December 4, 1931, when plaintiff in error was arraigned and entered a plea of not guilty; that of January 20, 1932, when the trial was had; and of January 29, 1932, when motion of plaintiff in error for probation was argued and denied and judgment entered, recites, in each instance, that plaintiff appeared in court in his own proper person and also by counsel. Plaintiff in error now seeks to impeach this showing by his own affidavit and that of his mother, which were filed in the office of the clerk of the trial court on September 3, 1943, and by the clerk, on that day, in-

cluded in and certified as a part of the common-law record. These affidavits have no place in the record and cannot be made a part thereof by the fact that the clerk has incorporated them therein. (*People* v. *Tielke,* 259 Ill. 88; *People* v. *Reese,* 355 Ill. 562.) The claim of plaintiff in error that he was not represented by counsel is not available to him here. The record shows that he was so represented and there is nothing in the record to indicate that he was not. The record is our only available source of information of what actually happened in the court below. Upon appeal to this court it imports absolute verity and is the sole, conclusive, and unimpeachable evidence of proceedings in the lower court. (*People* v. *Pulliam,* 352 Ill. 318; *People* v. *Kuhn,* 291 Ill. 154.) It must be accepted as it was made and cannot be impeached or contradicted by affidavits. (*People* v. *Forsyth,* 339 Ill. 381; *People* v. *Pulliam,* 352 Ill. 318; *People* v. *Archambault,* 295 Ill. 266.) One who seeks a reversal of a judgment of conviction has the burden of showing that the proceedings of the trial court were illegal, as every reasonable intendment not negatived by the record will be indulged in support of the judgment. *People* v. *Pulliam,* 352 Ill. 318; *People* v. *Pecho,* 362 Ill. 568; *People* v. *Throop,* 359 Ill. 354.

Plaintiff in error's contention that a jury was not properly waived because the record does not show that he signed a written jury waiver cannot be sustained. He cites no statute or other authority and we know of none requiring the waiver of a jury trial to be in writing.

The court, after hearing the evidence, found plaintiff in error "guilty of burglary as charged in the indictment." Plaintiff in error contends that as the indictment specifically charges him with the crime of "burglary with the intent to commit larceny" and as the gist of said crime is the intent to commit larceny, this was a finding that he was guilty of only one element of the crime, and the judgment based thereon is void because not responsive to the charge in the

indictment. This same contention was recently presented in the case of *People* v. *Hoffman,* 381 Ill. 460, and there held by us to have no merit. In that case, as in this, the defendant was charged with the crime of burglary with the intent to commit larceny, the trial was had before the court without a jury, and the court entered a finding of guilty "as charged in the indictment." The *Hoffman case* differs from the one at bar in that we there determined, upon a review of the evidence, that the same supported the court's finding that plaintiff in error was guilty as charged in the indictment, while in the case before us, presented on the common-law record alone, we must presume that the evidence was sufficient to support the court's finding that plaintiff in error was guilty of burglary as charged in the indictment. The *gravamen* of the crime of burglary is the felonious intent with which the building is entered. (*People* v. *Glickman,* 377 Ill. 360; *People* v. *Myler,* 374 Ill. 72.) But we cannot consider on the common-law record plaintiff in error's contention that it was not proved beyond all reasonable doubt that he was guilty of the intent to commit larceny with which he was charged. (*People* v. *Atkinson,* 376 Ill. 623.) Unless the evidence heard on the trial is preserved in the record it will be presumed by the reviewing court to be sufficient to support the judgment. *People* v. *Sims,* 382 Ill. 472; *People* v. *Moriarity,* 380 Ill. 148; *People* v. *Pulliam,* 352 Ill. 318.

The above-mentioned case of *People* v. *Hoffman,* 381 Ill. 460, also answers plaintiff in error's attack on the indictment, although, as no motion to quash or in arrest of judgment was filed, the question of its sufficiency is not before us for consideration. *People* v. *Duval,* 361 Ill. 496.

Other errors assigned not being mentioned in the brief or referred to in the argument, need not be considered.

As we find no reversible error in the record before us, the judgment of the criminal court is affirmed.

*Judgment affirmed.*