(No. 34142.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARLO IANNACCO, Plaintiff in Error.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

ABRAHAM TEITELBAUM, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and ROBERT C. NELSON, State's Attorney, of Waukegan, (FRED G. LEACH, and KENNETH R. SHORTS, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff in error, Carlo Iannacco, hereinafter referred to as defendant, was convicted in the circuit court of Lake County of the crime of burglary upon a trial by the court, a jury trial having been waived, and was sentenced to imprisonment in the Illinois State Penitentiary for a term of not less than two years nor more than seven years. The case is here upon a writ of error sued out by defendant.

The evidence indicates that on April 15, 1955, defendant with three of his companions burglarized a tavern which they had passed while en route to a cottage of defendant's mother located on Fox River. They had started out on a fishing trip. Defendant was about 21 years of age and the youngest in the group was about 16 years of age. The break-in occurred in the early morning hours of that day and the articles stolen consisted of a quantity of whiskey, cigarettes and other items which were taken to his mother's cottage on Fox River and there concealed. The defendant and his companions then returned to the tavern and while in the act of another pilfering they were detected and finally apprehended. There is no dispute as to the burglary of the tavern nor as to the facts and circumstances leading up to and surrounding it.

Upon his trial defendant contended that at the time of the burglary in question he was so intoxicated that he was incapable of forming the specific intent requisite to commit an act of burglary. In this court defendant renews and urges this contention. The defendant was the only witness who testified that he was intoxicated at the time this offense occurred. His wife testified only as to the amount of liquor he consumed at home before he drove away on the fishing trip. Starting in the afternoon of the 14th he testified he had consumed two cans of beer, about one half of a fifth of whiskey and some more whiskey while driving out of Chicago to the place where he tavern was located. By this time it was the early morning hours of the 15th. It was stipulated between the State and defendant that if two certain witnesses were called they would testify that the amounts of alcohol which defendant testified he had consumed during the period of time preceding the entries to the tavern would have caused intoxication. These witnesses were Dr. Burton J. Winston of North Chicago, an expert as to intoxication, who had appeared as a witness in many

court trials, and Lieutenant Joseph Petitclair, the officer in charge of the drunk-o-meter in Lake County.

Against this, the evidence showed that up to the second entry defendant had driven his car from Chicago without incident to the scene of the crime; that he had loaded his car with the merchandise stolen from the tavern on the first entry, had driven it out to his mother's cottage on Fox River where the stolen property had been hidden, had returned to the tavern, participated in the second entry, and, when discovered, fled from the scene of the crime, and, upon his trial, he testified that when apprehended he tried to act as though he was sober. Seven witnesses, six of whom were police officers, who viewed the defendant at close quarters after his arrest, all testified that at the time of his arrest, or shortly thereafter, defendant was sober. From these facts the trial court could have fairly found that defendant had not reached such a stage of intoxication as to render him incapable of forming the intent requisite to the commission of the crime of burglary.

The trial court, by finding defendant guilty as charged, resolved against the defendant the issue of his capability of forming the requisite specific intent to constitute the crime of burglary. Having heard all of the evidence, it was the special province of the trial court, sitting as the trier of the facts, to determine the credibility of the witnesses, and its finding of guilty must stand unless we can say that the proof is so unsatisfactory as to justify us in entertaining a reasonable doubt as to defendant's guilt. (*People* v. *Klemann,* 383 Ill. 236.) We entertain no such doubt and the court did not err in finding this issue against the defendant.

Next, the defendant contends "that the indictment is so faulty and defective that no sentence can be sustained"; that it "charges subject matter without a predicate"; and that "The counts do not even read correctly in the English language" because they charge the defendant "then and

there feloniously, and burglariously to steal, take and carry away; Contrary etc." This contention is without merit. The first count of the indictment, in substance, charges that defendant on April 15, 1955, in Lake County, Illinois, forcibly broke and entered a certain building with intent to steal, take and carry away the personal goods, chattels and property of one Bernard Hertel, etc. The second count charged the entry was without force. The statute defining the crime of burglary, in part, provides: "Whoever * * * forcibly breaks and enters * * * any dwelling house * * * or other building, with intent to commit * * * larceny shall be deemed guilty of burglary and be imprisoned in the penitentiary for any term of years not less than one year or for life." Ill. Rev. Stat. 1955, chap. 38, par. 84.

From the foregoing it is apparent that the indictment is sufficient both in form and substance to sustain the conviction of defendant. If defendant's complaint against this indictment is construed to mean that it is bad because it contains no allegation describing with particularity the goods or items which were stolen or carried away, then the answer is that the crime of burglary is complete upon the breaking and entering with the intent to steal and it is not essential to allege that anything was taken or stolen. *People* v. *Brown,* 3 Ill.2d 623; *People* v. *Hoffman,* 381 Ill. 460.

From the record it appears that defendant has had a fair trial upon the charges brought against him. The guilt of defendant has been established by evidence beyond a reasonable doubt. In the sentence and judgment of the trial court no reversible error intervened and the law must take its course. The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*