THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OSCAR JOSEPH MCNEAR, Defendant-Appellant.

(No. 12757;

Fourth District—August 21, 1975.

Tyce S. Smith, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Oscar Joseph McNear, appeals from his conviction of the offense of burglary and from a sentence imposed of 3 years and 9 months to 15 years' imprisonment. The sole issue is whether defendant's guilty plea was induced by the misrepresentations and unfulfilled promises of defense counsel, the State and the trial court.

Defendant was indicted for armed robbery, robbery, burglary, and armed violence. The State subsequently dismissed the robbery and armed violence charges, and on March 11, 1974, the case proceeded to trial on the burglary and armed robbery charges. At the close of the State's case defendant's motion to dismiss the armed robbery charge was granted by the trial court. The defendant testified that he was vacationing in Missouri on the day of the burglary and presented the testimony of several witnesses to substantiate this alibi defense. On March 16, 1974, defendant moved to withdraw his not guilty plea and to enter a plea of guilty to the offense of burglary. The trial court granted defendant's motion to withdraw his plea, and the jury was excused and dismissed.

The trial court then explained to defendant the nature of the offense of burglary. Defendant stated that he understood. The trial court admonished defendant that the minimum and maximum penalty prescribed by law for said offense was an indeterminate sentence of 1 to 20 years' imprisonment, a $10,000 fine and a 3-year parole term. Defendant indicated that he understood. The trial court explained to defendant the various constitutional rights he would be waiving by pleading guilty. The following colloquy then occurred:

"The Court: Now, Mr. McNear, have any promises of any kind or nature been made to you or any threats been made to you by the State's Attorney or your attorney or any person or persons to induce you to make your motion to withdraw your plea of not guilty and enter a plea of guilty?

The Defendant: No, sir.

The Court: Do you understand that if any promises have been

made to you by anyone that they would not be in any way binding upon the Court?

The Defendant: Yes."

The State presented a factual basis for the plea. The defendant indicated that the State's presentation was substantially correct. The following then transpired:

"Mr. Sheehan: Your Honor, it is true that there actually was a very limited negotiation in this case and the negotiations' was to the effect that if Mr. McNear entered a plea of guilty to the burglary charge pending against him the People would move to dismiss a total of four cases currently pending in Sangamon County again him——

The Court: Now, are you advising the Court that there has been a partial plea agreement?

Mr. Sheehan: Yes.

\* \* \*

The Court: All right. Are there any other provisions or terms of the plea agreement other than what you have now indicated to dismissal of those four charges?

Mr. Sheehan: No, Your Honor.

\* \* \*

The Court: Now, what do you understand the plea agreement to be up until this moment, Mr. McNear?

The Defendant: Nothing.

The Court: Now, have you heard them outline here?

The Defendant: (Nodding head up and down.)

The Court: Are they acceptable to you?

The Defendant: Yes, Sir.

The Court: All right. And so, you have an understanding what the plea agreement is that these four charges will be dismissed that are pending and the State reserves the right to investigate that case and it may develop——

The Defendant: What about the four charges?

The Court: Haven't reached the indictment stage. That will all be dismissed, but there is one that there hasn't been a complaint and intention of the State to investigate and reserves the right to file a charge on that and prosecute if the situation warrants, you understand that?

The Defendant: Yes.

\* \* \*

The Court: And Mr. Costello and you're aware of that, Mr.

McNear, and you're advising the Court that does not affect your plea here today, is that correct?

The Defendant: Yes.

The Court: You accept the plea agreement, the limited plea agreement regarding the dismissing of four charges and reserving the one?

The Defendant: Yes.

\* \* \*

The Court: Now, the Court has been informed as to this \* \* \* to limited plea agreement and you understand that?

The Defendant: Yes."

The court found defendant's plea to have been voluntarily entered and accepted the terms of the limited agreement stating:

"The Court: And you're telling this Court that there has been no agreement entered into as to what the sentence will be for this particular crime, is that correct?

The Defendant: Right, sir.

The Court: But you understand that the Court has explained the penalty, minimum of one and maximum of twenty, which was set out by the Court?

The Defendant: Yes."

The court then entered judgment on the plea. On April 5, 1974, a hearing was held, and defendant was sentenced to 3 years and 9 months to 15 years' imprisonment. A direct appeal was taken to this court.

■■ Defendant contends that his plea was improperly induced by certain misrepresentations of defense counsel or, in the alternative, that the State and the trial court failed to fulfill certain plea agreement promises. We do not agree. It is alleged that defendant was promised that none of the witnesses who testified in his behalf at trial would be prosecuted for their perjured testimony and that defendant would receive a sentence of 2 to 6 years' imprisonment. There is, however, absolutely nothing in the record to support this assertion. The terms of the plea agreement were fully stated in open court. Defendant repeatedly stated that he understood that the only terms of the limited plea agreement were that four pending charges against him would be dismissed. Defendant indicated that he understood and that such an agreement was acceptable to him. Defendant also stated that no other promises had been made and specifically stated in response to the court's questioning that no agreement had been entered into as to a possible sentence. We therefor conclude from a reading of this record that all plea agreement promises were fulfilled.

Since the filing of this appeal, defendant has filed with this court three

motions. On January 30, 1975, defendant filed a "Motion For Remand Of Trial Court [*sic*] For An Evidentiary Hearing To Determine The Validity Of Guilty Plea," and subsequently a "Motion To Correct Error I [*sic*] Original Motion To Remand For Evidentiary Hearing." On February 6, 1975, defendant filed a "Motion To Incorporate Affidavits Of Defendant-Appellant Into Record On Appeal." These affidavits consist of statements by defendant that he was promised that in return for his plea none of his witnesses would be prosecuted and that he would receive a 2- to 6-year sentence. They also consist of statements by several of defendant's witnesses at trial to the effect that they recanted their prior testimony in return for promises that no charges would be brought against them. All three motions have been ordered by this court to be taken with the case.

■■■ Defendant's motion to include affidavits into the record is clearly improper. As was stated by the court in *People v. Berkowski*, 385 Ill. 392, 394, 52 N.E.2d 710, 711, "The record is our only available source of information of what actually happened in the court below. Upon appeal to this court it imports absolute verity and is the sole, conclusive, and unimpeachable evidence of proceedings in the lower court. [Citations.] It must be accepted as it was made and cannot be impeached or contradicted by affidavits. [Citations.]" Defendant's motion to remand this cause for an evidentiary hearing on the merits of defendant's affidavits is also improper. Defendant has filed what is, in essence, a post-conviction petition in this court, and section 122—1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, § 122—1 *et seq.*) provides that such a petition must be filed in the trial court where the conviction took place. Defendant's motions are hereby denied.

Accordingly, for the reasons stated above the judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.