THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOMINICK CAPUTO, Defendant-Appellant.

First District (4th Division)   No. 62764

Opinion filed October 6, 1976.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnik, Jr., and Renee Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Dominick Caputo, was charged in separate complaints with unlawful use of weapons (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)) and failure to possess a State firearm owner's identification card (Ill. Rev. Stat. 1973, ch. 38, par. 83—2). At the conclusion of the State's case, the court dismissed the unlawful use of weapons charges, but subsequently found defendant guilty of failure to possess a State firearm owner's identification card. Pursuant to said finding, the court sentenced defendant to a term of 30 days in the House of Correction. On appeal defendant contends that he was not proven guilty beyond a reasonable doubt.

The record reveals that Officer Dennis Sarna of the Posen Police Department was the sole witness to testify on behalf of the State. Officer Sarna related that on March 4, 1975, an informant advised him that defendant was trying to sell a gun at the Posen Auto Mart. The informant described the defendant as wearing a levi outfit, driving a black '62 Chevy, and carrying a loaded automatic weapon. On cross-examination Officer Sarna stated that the car was described to him only as being a black Chevy.

Officer Sarna further testified that upon receiving this information, he went to the Auto Mart where he saw defendant enter a black Chevrolet. As defendant started to drive away, he called for assistance. Officer Sarna subsequently stopped the vehicle and searched it. His search revealed the presence of a weapon under the front seat. While the officer first specified that the gun was situated under the passenger's seat, he later stated that it was under the driver's seat. Officer Sarna testified further that defendant was arrested and taken to the Posen Police Department where he signed a statement with regard to his rights. Defendant then stated that he was trying to sell the gun for his sister at the Posen Auto Mart. This statement never was reduced to writing.

Defendant testified in his own behalf and stated that on the day in question he was shopping for a car at the Auto Mart. He had driven there in his sister's car which he had borrowed for about 20 minutes. He further testified that after talking to a salesman, he drove back to his sister's house where he was stopped in the driveway by Officer Sarna. Defendant asserted that he did not know the gun was in the car. Additionally, he denied that he made any statement concerning the gun to the police.

Defendant contends that the findings of the trial court are both legally and factually inconsistent, and that therefore, the trial court was precluded from entering its judgment of conviction. As defendant notes, possession of a weapon is an element of both unlawful use of weapons and failure to possess a State firearm owner's identification card. Defendant emphasizes that the court acknowledged some confusion in the testimony as to the locus of the gun, and asserts that as a consequence of this confusion, the court dismissed the unlawful use of weapons charge. Defendant now argues that because the court found him not guilty of unlawful use of weapons, his conviction for failure to possess a State firearm owner's identification card cannot stand because the common element of possession was not proven beyond a reasonable doubt. We are unable to accept this contention.

■■ It is apparent on the face of the record that the court did not dismiss the unlawful use of weapons charge because it entertained a reasonable doubt as to defendant's possession of the gun. Rather, it is clear that the charge was dismissed for reasons independent of the sufficiency of the evidence. As the court specifically noted, the complaint for unlawful use of weapons did not contain the necessary allegation that the gun was loaded. Accordingly, the court held that the complaint was fatally defective. Thus, we must conclude that the court's dismissal of the unlawful use of weapons charge is not legally inconsistent with its finding of guilt on the charge of failure to possess a State firearms owner's identification card.

Defendant contends in the alternative that the testimony of Officer Sarna was so conflicting and inherently incredible as to leave a reasonable doubt of guilt. Suffice it to say, the only inconsistency of any magnitude in Officer Sarna's testimony was with regard to the locus of the gun at the time of defendant's arrest. This discrepancy was brought to the court's attention, and the court admitted that the testimony was confusing. Nevertheless, the court found the officer's testimony to be credible.

■■ It has been said numerous times that in view of the opportunities of observation enjoyed by the trial court, its judgment should not be set aside by this court unless the proof is so unsatisfactory as to justify a reasonable doubt as to a defendant's guilt. (*People v. Iannacco*, 11 Ill. 2d 55, 142 N.E.2d 8.) We have reviewed the record carefully and hold that it supports the trial court's finding of guilt.

For the foregoing reasons the judgment of conviction is affirmed.

Affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.