# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. De la Hera*, 2011 IL App (3d) 100301

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARISTIDES DE LA HERA, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0301 |
| Filed | August 18, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from his conviction for speeding, defendant forfeited the argument that the trial court erred in admitting evidence of a moving radar reading by failing to raise the argument in a posttrial motion and by failing to request the appellate court to review the issue for plain error. |
| Decision Under Review | Appeal from the Circuit Court of Grundy County, No. 09-TR-10411; the Hon. Robert C. Marsaglia, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Gary R. Garretson, of Garretson Law Office, of Morris, for appellant.

Johnathan M. Bates, State's Attorney, of Morris (Terry A. Mertel and Thomas D. Arado, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices McDade and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1    After a bench trial, the defendant, Aristides De la Hera, was convicted of speeding (625 ILCS 5/11-601(b) (West 2008)). The circuit court sentenced the defendant to 90 days of court supervision and ordered him to pay a $185 fine. On appeal, the defendant argues that the circuit court erred when it admitted evidence of a moving radar reading. We affirm.

¶ 2    On November 13, 2009, the defendant received a citation for speeding after he was clocked by moving radar at 40 miles per hour in a 25 mile-per-hour zone. Over the defendant's objection, the circuit court admitted evidence of the moving radar reading. The defendant was convicted and sentenced, and the defendant did not file a posttrial motion prior to filing his notice of appeal.

¶ 3    The defendant's sole argument on appeal is that the circuit court erred when it admitted evidence of the moving radar reading. In part, the State responds that the defendant has forfeited this argument because he did not include it in a posttrial motion. The defendant does not agree that he has forfeited the argument. Rather, in his reply brief, the defendant cites to five cases from 1979 to 1986 for the proposition that he does not have to raise an issue in a posttrial motion after a bench trial to preserve it for appeal.

¶ 4    In *People v. Enoch*, 122 Ill. 2d 176, 186 (1988), our supreme court held that a defendant must both object to an alleged error at trial and raise the alleged error in a posttrial motion to avoid forfeiture of the issue on appeal. "The requirement for a written post-trial motion is statutory, and the statute requires that a written motion for a new trial *shall* be filed by the defendant and that the motion for a new trial *shall* specify the grounds therefor." (Emphasis in original.) *Enoch*, 122 Ill. 2d at 187 (citing Ill. Rev. Stat. 1983, ch. 38, ¶ 116-1 (now 725 ILCS 5/116-1 (West 2008))). Further, the *Enoch* court stated, "[s]imply because an objection to evidence may have been made during the trial does not justify ignoring the clear mandate of the statute that the question be set forth in writing in the motion for a new trial." *Enoch*, 122 Ill. 2d at 187.

¶ 5    We acknowledge that in other districts of the appellate court, some post-*Enoch* authority

-2-

exists for the proposition that "a posttrial motion is not necessary to preserve questions in a bench trial if the issues were presented to the trial court." *People v. DiPace*, 354 Ill. App. 3d 104, 107 (2004); see also *People v. Crowder*, 174 Ill. App. 3d 939, 941 (1988). However, an examination of this proposition's history leads to the conclusion that it should not have survived our supreme court's decision in *Enoch*.

¶ 6    In *DiPace*, the Second District cited the Fourth District's opinion in *Crowder*, which cited to *Enoch* but also cited the pre-*Enoch* case of *People v. Larsen*, 47 Ill. App. 3d 9, 16 (1977), for the proposition in question. *Larsen* cited to *People v. Hoffman*, 381 Ill. 460, 466 (1942), which in turn cited to *People v. Tobin*, 369 Ill. 73, 75-76 (1938). In *Tobin*, our supreme court stated:

"The People contend that inasmuch as all of the errors assigned relate to the weight and sufficiency of the evidence, they cannot be considered on review because the issue was not raised in the trial court by a motion for a new trial, citing *People v. Lehner*, 335 Ill. 424 [(1929)], *People v. Gabrys*, 329 [Ill.] 101 [(1928)], and *People v. Marshall*, 309 [Ill.] 122 [(1923)]. However, all of these cases were tried by a jury. It has long been the rule in Illinois, in civil cases, that in causes tried by a court without a jury a motion for a new trial is unnecessary to preserve questions of the sufficiency of the evidence. (*Sands v. Kagey*, 150 Ill. 109 (1894); *Jones v. Buffum*, 50 [Ill.] 277 [(1869)]; *Mahoney v. Davis*, 44 [Ill.] 288 [(1867)]; *Metcalf v. Fouts*, 27 [Ill.] 110 [(1862)].) We said in *Mahoney v. Davis*, 'The judge having once passed upon the evidence, it was not necessary to go through the form of submitting it to him again by moving for a new trial.' The same reasoning applies with equal force to criminal cases tried by the court without a jury, and, therefore, questions of the sufficiency of the evidence were properly preserved for review though no motion for a new trial was made." *Tobin*, 369 Ill. at 75-76.

It is important to note that this proposition was established prior to the enactment of the Code of Criminal Procedure of 1963 (725 ILCS 5/100-1 *et seq.* (West 2008)).

¶ 7    In *Enoch* our supreme court unequivocally stated:

"Prior to 1963, a motion for a new trial was not required when the trial was before the court and not a jury, but the language of section 116-1 has changed the law in that respect and a written motion for a new trial is now required in both jury and nonjury cases." *Enoch*, 122 Ill. 2d at 187-88.

Thus, it is clear that the proposition in question–that a defendant does not have to raise an issue in a posttrial motion after a bench trial to preserve it for appeal–ceased to exist as valid precedent in Illinois when *Enoch* was decided in 1988.

¶ 8    In this case, because the defendant failed to file a posttrial motion raising his argument and because he does not request this court to review the issue for plain error, he has forfeited the argument on appeal. See *People v. Hillier*, 237 Ill. 2d 539, 545-46 (2010).

¶ 9    For the foregoing reasons, we affirm the judgment of the circuit court of Grundy County.

¶ 10    Affirmed.